[No. 221-41195-2.    Division Two.    February 16, 1971.]

CLARA B. DILLEY, *Appellant*, v. DONALD R. DILLEY, *Respondent*.

*Tuell & Anderson* and *David R. Tuell, Jr.*, for appellant.

*Muscek, Adams, Swayze & Baker, Marshall D. Adams,* and *Thomas A. Swayze, Jr.*, for respondent.

PER CURIAM.—The plaintiff wife appeals from a judgment in a divorce action. The only issue raised by plaintiff is whether the trial court erred in entering certain findings of fact.

The history of this unsuccessful marriage may be summarized as follows: The parties were married on May 13, 1939, and four children were born as issue of their marriage. Three children are emancipated, and the fourth, Tamara K. Dilley, is 6 years old. Custody of the daughter was awarded to the plaintiff mother and the defendant was required to pay child support of $125 per month until the child reaches majority.

Each party was awarded a one-half interest in the family home, which was valued at $30,000 and was subject to a mortgage of about $14,000. The husband was required to pay the $157 monthly payments on the house from November, 1968 until the home was sold, but in any event, not later than February 1, 1970. The husband was also required to pay $200 per month to the plaintiff for temporary alimony beginning on November 1, 1968, and terminating on February 1, 1970.

The parties also acquired some beach front property during their marriage. A preliminary determination by the trial court had given all of this beach property to the husband and the home to the wife. However, the wife objected to this division, claiming she was also entitled to one-half of the beach property. The trial court then decided to award one-half of the real property, including the home as well as the beach property, to each party.

The trial court found that the plaintiff was a healthy, able-bodied woman, who had considerable experience as a sales clerk and was completing a course to become a sten-

ographer. At the time of the divorce trial, her earning potential was no less than $300 per month upon the completion of the course.

The defendant husband was a professional engineer, employed at the Boeing Aircraft Company and earning a net salary of about $12,000 per year.

The trial court divided the parties' substantial personal property along lines believed to be equitable. As in many divorce cases, the valuations placed upon the property by the parties varies quite extensively. The plaintiff wife argues that she received nearly $4,000 less in personal property than did the husband. However, the trial court stated that it believed the plaintiff was being awarded some $4,000 more in personal property than the husband.

Both spouses were found to be at fault, and a decree of divorce was granted to both the plaintiff wife and the husband. The plaintiff also had judgment against the husband in the amount of $700 for her attorney's fees.

When only the findings of fact are questioned on appeal, the sole function of this court is to determine whether substantial evidence exists to support those findings. The appellate court will not substitute its own findings of fact for those of the trial court if those findings are based on substantial evidence. *Mayo v. Mayo*, 75 Wn.2d 36, 448 P.2d 926 (1968).

The disposition of the property and the award of alimony, child support, and attorney's fees were all supported by substantial evidence. We can find no manifest abuse of discretion in the trial court's decision.

Plaintiff's motion for additional attorney's fees on appeal is denied.

Judgment affirmed.

Petition for rehearing denied March 15, 1971.